UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES JOHNSON, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02547-JSC<br><br>**ORDER 1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, 2) GRANTING DEFENDANTS' MOTION TO REMAND, AND 3) DISMISSING AS MOOT PLAINTIFF'S MOTION FOR A MENTAL EXAMINATION**<br><br>Re: Dkt. Nos. 1, 4, 6 |

Plaintiff Ronald Johnson originally filed this trust-related action against Defendants James Johnson Sr., James Johnson Jr., and Jeanell Johnson in Alameda County Superior Court. Plaintiff subsequently removed this action to federal court. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Dkt. Nos. 7-9, 15.) Now pending before the Court are Defendants' motion to remand and Plaintiff's motion for a mental status examination.[1] After carefully considering the parties' submission, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7–1(b), GRANTS the motion to remand, and DISMISSES as moot the motion for a mental examination.

**DISCUSSION**

The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

---

[1] Plaintiff has also filed an application to proceed in forma pauperis, which is GRANTED.

28 U.S.C. § 1441(a) (emphasis added).  The fundamental problem with Plaintiff's removal of this action from state court is that only a defendant—not a plaintiff—is allowed to remove an action.  Because Section 1441 does not confer removal power on plaintiffs, Plaintiff's removal of this case was improper.

Even if Plaintiff was permitted to remove a state-court action—or, alternatively, if Plaintiff sought to file this case as an original action—subject matter jurisdiction over Plaintiff's claims is lacking.  Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States.  "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012).  "[A]n actual or anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  There is no diversity jurisdiction because Plaintiff fails to allege complete diversity amongst the parties and an amount in controversy in excess of $75,000.  Nor is there federal question jurisdiction; Plaintiff's removed complaint alleges only state-law trust issues lacking a federal question.

## CONCLUSION

For the reasons stated above, Defendants' motion to remand is GRANTED.  The Clerk is ordered to REMAND this case to Alameda County Superior Court.  Plaintiff's motion for a mental examination is accordingly DISMISSED as moot.

**IT IS SO ORDERED.**

Dated: July 28, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2